52 CCPA

**Application of Lu Celia WISE.**

**Patent Appeal No. 7294.**

United States Court of Customs and Patent Appeals.
Feb. 4, 1965.

Harvey B. Jacobson, Robert C. Garber, Washington, D. C., for appellant.

Clarence W. Moore, Washington, D. C. (S. Wm. Cochran, Washington, D. C., of counsel), for the Commissioner of Patents.

Before WORLEY, Chief Judge, and RICH, MARTIN, SMITH, and ALMOND, Judges.

ALMOND, Judge.

Lu Celia Wise appeals from a decision of the Board of Appeals affirming the action of the examiner in rejecting her application[1] for a design patent on an advertising novelty.

The claim reads:

"The ornamental Design for a promotional advertising souvenir as shown and described."

The drawing shows the following configuration:

Fig. 1

1. Serial No. 61,338 filed July 13, 1960.

The article is hollow with transparent walls, within which appears a planar member shown in dotted lines, on which advertising matter is to be placed.

The specification recites: "The dominant features of the design are those shown in full lines."

The references relied on below are:

Stonberg        D–174,102      February  22, 1955
King            D–181,153      October   8, 1957
Fueloil and  Oil  Heat,  July  1958,  page  6,  top
                 left configuration.

Stonberg shows a pendant with a spherical lower portion having transparent walls. The lower portion of the article appears to contain a liquid. A planar cross-shaped member is mounted within the article.

King shows a globe with transparent walls having mounted therein an object on which advertising matter appears. The design is described as "an illuminable advertising display."

Fueloil and Oil Heat discloses a representation of a conventionalized teardrop.

The board sustained the rejection on two distinct grounds. It held the claim unpatentable over the cited prior art under 35 U.S.C. § 103. It held that appellant's claimed design was a mere simulation of the long known and conventionalized teardrop.

Appellant's design was considered obvious over the Fueloil teardrop in view of Stonberg or King. The board took note of appellant's argument that the mounted member outlined in dotted lines within the article must be given consideration in determining the over-all appearance of the design, considering that the advertising device was disclaimed by the "showing in dotted lines." The board stated:

"This dotted line showing merely indicates that it is wholly immaterial what character of device is included within the transparent article * * *. It could well be a cross, as in Stonberg, advertising faith, or a device as in King, advertising something else.

"As is well known and as shown by these two subsidiary references, it is common practice to incorporate articles of various kinds to be viewed on the interior of transparent walled articles of manufacture. The particular utility, whether in advertising one thing or another, has nothing to do with any possible patentability of the article based on its novel dominant appearance.

"Thus, the concept of making a transparent conventionalized teardrop as an article of manufacture is clearly without patentable merit in view of the art as applied above."

Appellant argues that her design is patentable over the cited art inasmuch as none of the references disclose an object within a *hollow teardrop shape*. As hereinabove noted, both Stonberg and King disclose display devices inside of hollow transparent containers. Certainly they clearly teach that such devices could be used in containers of any suitable shape. Such enclosure of a device in a teardrop configuration would manifestly be obvious to one of ordinary skill in the subject art.

As noted, the board affirmed the examiner's rejection on the further ground that the claimed design is a mere simulation of that which is already well known.

Appellant concedes that she "has utilized a teardrop shape in creating her design" but asserts that she has gone a step forward by adding an advertising object within the hollow interior of the teardrop shape and that the fact that the interior object is shown in broken lines does not mean that it has no significance in determining design patentability.

As pointed out by the solicitor, the only feature of appellant's disclosed design other than the teardrop shape of the container is the interior object shown in dotted lines. The solicitor cites section 1503.02 of the Manual of Patent Examining Procedure which, in material substance, provides that a dotted or

broken line showing is employed to show that such portions of the article claimed are not important and that such showing should be explained in the specification by "a statement that the dominant features of the design reside in the portions shown in full lines."

As previously noted, appellant, evidently cognizant of the efficacy of this rule, stated in her specification that "The dominant features of the design are those shown in full lines," and considered the portion shown in dotted lines as, in the language of the cited section of the Manual, "an immaterial part of the design." As did the board, we so regard the "dotted line" phase of this case.

For the reasons stated, we agree with the board that appellant's claimed design patent is obvious in view of the cited art and that it is a "mere simulation of that which has long been known as conventional."

The decision of the board is affirmed.

Affirmed.